IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONELL WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 6:05cv266 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Donell Williams, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Williams was convicted of possession of a controlled substance with intent to deliver, receiving a sentence of 60 years in prison. He raised a number of allegations in his federal habeas corpus petition, including claims that: (1) the evidence from his house was seized illegally; (2) the jury should have had a chance to determine whether or not the warrant was invalid; (3) the 60-year sentence is disproportionate to the offense, since he is 57 years old and the sentence is equivalent to a death sentence; (4) he received ineffective assistance of counsel in that: (a) his trial attorney, Alex Tyra, should have filed pre-trial motions on the validity of the search, (b) no motion in limine was ever filed which could have barred the prosecution from denying admission of documents showing where the money came from, (c) no motions to acquire the search warrant or arrest warrant were filed, and (d) the attorney failed to secure a speedy trial; (5) Williams was never given a Miranda warning, meaning that all statements he may have given were rendered void; (6) he was denied a speedy trial; (7) no arrest warrant was ever produced because the warrant had the wrong

address on it; and (8) Williams wanted to cross-examine the confidential informant but the trial court would not allow it.

The Magistrate Judge ordered the Respondent to answer Williams' petition. This was done, but Williams did not file a response to the answer. Consequently, all of the allegations of the answer shall be taken as true except to the extent that the Court finds that they are not true. 28 U.S.C. §2248.

After review of the petition, the answer, the state court records, and all other pleadings, the Magistrate Judge issued a Report on December 22, 2005, recommending that Williams' petition be dismissed. On January 17, 2006, Williams filed objections to the Report, as well as a request for an extension of time in which to file more complete objections. This motion was granted, and on February 27, 2006, Williams filed his followup objections, which incorporate his earlier objections almost verbatim.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 9th day of March, 2006.**



_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**